1    **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9    Wells Fargo Bank, N.A.,                    )    No. CV-08-8014-PCT-DGC
                                                )
10                    Plaintiff,                 )    **ORDER**
                                                )
11   vs.                                        )
                                                )
12   Mary Lou Boone; Evelyn James; Henry        )
     Whiskers; Clyde Whiskers; Danlyn           )
13   James; May Preston; Natalie Edgewater;     )
     Nathaniel King; Edith King; Thomas         )
14   Secody; Lee Choe; Jack Owl, Sr.; and       )
     San Juan Southern Paiute Tribe,            )
15                                              )
                      Defendants.               )
16   _____        )

17

18         Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") commenced this action on

19   January 28, 2008, by filing a complaint for interpleader against Defendants.  Dkt. #1.

20   Several Defendants have answered the complaint.  Dkt. ##23, 28.  A Case Management

21   Conference is set for August 15, 2008.  Dkt. #44.

22         JPMorgan Chase Bank, N.A. ("Chase") and Defendants have filed a joint motion for

23   leave to permit Chase to intervene as a plaintiff pursuant to Rule 24(b) of the Federal Rules

24   of Civil Procedure.  Dkt. #40.  Plaintiff does not oppose the motion.  For reasons stated

25   below, the Court will grant the motion.

26         A court may grant permissive intervention under Rule 24(b) if the movant provides

27   an independent basis for jurisdiction, the motion is timely, and the movant's claims or

28   defenses have a question of law or fact in common with the main action.  *See* Fed. R. Civ.

1  P. 24(b)(1)(A); *Venegas v. Skaggs*, 867 F.2d 527, 529 (9th Cir. 1989).  Even when these

2  requirements are satisfied, permissive intervention is a matter within the sound discretion of

3  the district court.  *See Venegas*, 867 F.2d at 530; *Kootenai Tribe of Idaho v. Veneman*, 313

4  F.3d 1094, 1110-11 (9th Cir.  2002).  "In exercising its discretion, the court must consider

5  whether the intervention will unduly delay or prejudice the adjudication of the rights of the

6  original parties."  Fed. R. Civ. P. 24(b)(3); *see Kootenai Tribe*, 313 F.3d at 1111 n.10.

7        In this case, the Court has diversity jurisdiction over Chase's proposed complaint, *see*

8  Dkt. #40-2 at 4, and the motion to intervene is timely, *see N.W. Forest Res. Council*, 82 F.3d

9  825, 836-37 (9th Cir. 1996).  Wells Fargo's complaint and Chase's proposed complaint

10  allege common issues of law and fact.  *See* Dkt. ##1, 40-2 at 3-6.  The Court concludes that

11  permitting Chase to intervene as a plaintiff will not unduly delay the case or prejudice the

12  parties.  *See River Runners for Wilderness v. Alston*, No. CV-06-0894-PCT-DGC, 2006 WL

13  2971495, at *2 (D. Ariz. Oct. 17, 2006).  The Court accordingly will grant the parties' joint

14  motion.

15  **IT IS ORDERED:**

16      1.    The parties' joint motion for leave to permit JPMorgan Chase Bank, N.A. to

17          intervene as a plaintiff (Dkt. #40) is **granted**.

18      2.    JPMorgan Chase Bank, N.A. shall file the proposed complaint (Dkt. #40-2

19          at 3-6) by **August 8, 2008**.

20  DATED this 4th day of August, 2008.

21

22

23  _____
          David G. Campbell

24            United States District Judge

25

26

27

28